UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| DAVID NEACE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:08-143-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| SAFE AUTO INSURANCE COMPANY, | ) | **MEMORANDUM OPINION AND ORDER** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**       **       **       **       **

This matter is before the Court on Defendant Bruce E. Lawhun's Motion to Dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) [Record No. 5]. The time for response has expired, and no objections have been filed. Accordingly, this matter is ripe for decision, and, for the reasons stated below, Plaintiff's claims against Defendant Lawhun will be dismissed.[1]

_____

[1] Insofar as the Court agrees with Defendant Lawhun that the claims against him should be dismissed but differs in the reasoning used to reach that conclusion from that offered in Lawhun's motion, the Court does not find it necessary to require Plaintiff to show cause why those claims should not be dismissed. From the filing of Defendant Lawhun's Motion to Dismiss, Defendant has been on notice that his claims were subject to dismissal. This Court's determination that they shall be dismissed is hardly _sua sponte_. Indeed, Plaintiff has failed to raise any argument which might preserve his claims against Defendant Lawhun. Where "[P]laintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motion[] to dismiss, the arguments

-1-

## I.    BACKGROUND

Plaintiff's Complaint avers that "[t]he [d]efendants, Safe Auto Insurance Company and Safe Auto Services, Inc., designated Bruce Edgar Lawhun to act on behalf of Safe Auto Insurance Company to negotiate the UIM claims for Plaintiff, David Neace." [Compl. at ¶ 6.] Plaintiff then sets forth a number of causes of action against all Defendants, including breach of contract (Count I), violation of the Kentucky Unfair Claims Settlement Practice Act (Count II), bad faith (Count III), outrageous conduct (Count IV), and fraud, deceit, and misrepresentation (Count V). Additionally, he seeks punitive damages (Count VI). By virtue of his Complaint, Plaintiff takes the position that Defendant Lawhun was acting within the scope of his employment with Defendant Safe Auto Insurance Company and at the direction of his employer Safe Auto Insurance Company at all relevant times.

Defendant Lawhun argues that, even taking all of the averments of the Complaint as true, Plaintiff has not alleged that Defendant Lawhun was acting in his individual capacity and that Defendant Lawhun cannot be held individually liable for actions taken at the behest of Defendant Safe Auto Insurance Company. In large part, the Court agrees with Defendant Lawhun, although the Court is of the opinion that a more detailed analysis is necessary to arrive at the relief requested by

---

have been waived." *See Humphrey v. U.S. Attorney General*, No. 07-3740, slip opinion at 6 (6th Cir. May 15, 2008) (citing *Resnick v. Patton*, No. 06-3217, 2007 WL 4532815 at *1, n. 1 (6th Cir. Dec. 20, 2007); *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision)).

Defendant Lawhun than he has offered in his pleadings.  To the extent that the Court disagrees with Defendant Lawhun, however, the Court is still of the opinion that the claims against him as well as some of the claims against the other defendants should be dismissed.  The Court's reasoning is set forth below.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint.  The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint."  *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).  "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."  *Weiner. v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir.1997).  If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed.  *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1974 (2007); *Weisbarth v. Geauga Park Dist*., 499 F.3d 538, 541-42 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc*., No. 06-141-HRW, 2007 WL 2903231, *2 (E.D.Ky. Sept. 27, 2007).

## III. DISCUSSION

KRS 304.9-035 and settled principles of agency law provide that an

-3-

insurer, as principal, is liable for the acts of its agents acting within the scope of their authority.  *Pan-American Life Ins. Co. v. Roethke*, 30 S.W.3d 128, 132 (Ky. 2000) *(citing Motorists Mutual Ins. Co. v. Richmond,* 676 S.W.2d 478, 481 (Ky. App. 1984); *Couch on Insurance, supra,* § 26A:265 at 506 (2d rev. ed.1984)).  This does not, however:

> . . . make the insurer absolutely liable for the agent, relieving the agent of responsibility. [The insurer] is only liable when the agent acts within the scope of his authority, the insured reasonably relies upon that act, and the reliance constitutes the cause of the insured's damage.

*Id.* at 132-33 (internal citations omitted).  Assuming that a particular cause of action can otherwise lie against an agent, that agent remains liable for his or her own conduct.  *Id.* at 133.  Accordingly, the Court shall consider each of the causes of action alleged in Plaintiff's Complaint in turn.

Looking first at Plaintiff's claim for breach of contract, Plaintiff has not alleged a contract by and between Plaintiff and Defendant Lawhun.  Accordingly, Plaintiff's claim must fail as a matter of law.

It follows that Plaintiff's claims for violations of the Kentucky Unfair Claims Settlement Practices Act, KRS 304.12-230 and 304.12-235, for failure to timely pay his claim and denial of his claim in bad faith must also fail as to Defendant Lawhun because such claims under the Act depend on the presence of a contract of insurance by and between a

plaintiff and a defendant.[2]  Certainly, both 304.12-230 and 304.12-235

prohibit a "person" from committing the wrongs described therein, and,

for the purposes of Chapter 304, the term "person":

> . . . includes an individual, insurer, company, association, organization, Lloyd's insurer, society, reciprocal insurer or inter-insurance exchange, partnership, syndicate, business trust or corporation, and every other related legal entity.

KRS § 304.1-020.  The definition of a "person" as an "individual" is,

however:

> . . . intended to apply only to "an individual . . ." who is engaged in the business of insurance; otherwise, the last clause of the definition would be superfluous. The broad nature of the definition anticipates that even an individual who is not a licensed insurer might enter into "a *contract* whereby one undertakes to pay or indemnify another as to loss from certain specified contingencies or perils called 'risks,' " KRS 304.1-030 (definition of "insurance") (emphasis added), and thereby engage "in the *business of entering into contracts of insurance*." KRS 304.1-040 (definition of "insurer") (emphasis added). Nothing in any of these statutes evidences a legislative intent that the Kentucky Insurance Code was designed to regulate persons who are neither insured nor engaged in the business of entering into contracts of insurance.[3]

---

[2]     In Count III, Plaintiff seeks relief for "bad faith" denial of his claim on his policy.  The Kentucky legislature has seen fit to codify this cause of action in the Kentucky Unfair Claims Settlement Practices Act.  Accordingly, to the extent that Plaintiff also seeks to state a common law bad faith claim, this cause of action is superfluous, and it shall be dismissed as to all Defendants.

[3]     In a decision which pre-dates the decision of the Kentucky Supreme Court in *Davidson*, this Court wrote that, "[i]n view of the plain language of the [Kentucky Unfair Claims

*Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 98 (Ky. 2000); *see also Kentucky Nat. Ins. Co. v. Shaffer*, 155 S.W.3d 738, 741-42 (Ky. Ct. App. 2004) (in absence of contractual obligation in insurance policy for coverage, there can be no claim for bad faith).

Defendant Lawhun is an individual, as that term is commonly understood, but not in the sense intended in the Kentucky Insurance Code. Plaintiff does not aver that he ever entered into a contract with Defendant Lawhun whereby Defendant Lawhun undertook to pay or indemnify him as to any loss from certain specified contingencies or perils. Rather, Plaintiff alleges that he entered into such a contract with Defendant Lawhun's principal. Accordingly, the allegations of violations of KRS 304.12-230 and 304.12-235 must fail as a matter of law with regard to Defendant Lawhun.

A cause of action for outrageous conduct is not necessarily barred against an individual defendant simply because an employer or principal may be held vicariously liable for those acts. *See Pan-American Life Ins. Co.*, 30 S.W.3d at 132-33. That said, the Court has grave doubts about the viability of Plaintiff's claim for outrageous conduct in the

_____

Settlement Practices] Act [and] the absence of clear state authority on the question," there was no requirement that an "individual" or "person" as defined in KRS 304.1-020 be engaged in the business of insurance KRS 304.12-010 in order to be prohibited from engaging in the specified unfair claims practices under the UCSPA. *Winburn v. Liberty Mut. Ins. Co.*, 933 F.Supp. 664, 667 (E.D.Ky. 1996). In light of *Davidson*, which offers clear guidance on this issue, the Court shall proceed in keeping therewith.

context of an alleged bad faith denial or delay in payment of a claim without any allegation of some affirmative act of harassment or deception on the part of any of the defendants. *See Motorists Mut. Ins. Co. v. Glass,* 996 S.W.2d 437, 452-53 (Ky. 1997); *Zurich Ins. Co. v. Mitchell,* 712 S.W.2d 340, 343 (Ky. 1986) (workers' compensation insurer's mere refusal to pay claimed medical expense, no matter how arbitrary or unreasonable, did not amount to outrageous conduct without averment or evidence of affirmative acts of harrassment, etc.); *Rice v. Van Wagoner Cos., Inc.,* 738 F.Supp. 252, 253 (M.D.Tenn. 1990) (quoting *Chandler v. Prudential Ins. Co.,* 715 S.W.2d 615, 622 (Tenn. Ct. App. 1986) and construing Tennessee law) ("[A] simple allegation of a bad faith refusal to pay an insurance claim is not an allegation of 'conduct ... so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'")  Simply stated, Plaintiff's complaint does not "state a claim [for outrage or intentional infliction of emotional distress] that is plausible on its face" with regard to any defendant, and this claim shall be dismissed.

Finally, the Court has spent a great deal of time reviewing Plaintiff's Complaint and finds that Plaintiff has not pled fraud with sufficient particularity as to any defendant.  To sufficiently plead a claim of fraud with particularity under Fed. R. Civ. P. 9, a plaintiff must "allege the time, place, and content of the alleged misrepresentation," the fraudulent intent of the defendants and the

resulting injury.  *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999); *see also Scott v. Farmers State Bank,* 410 S.W.2d 717, 722 (Ky. 1966) (construing Kentucky CR 9.02) (plaintiff must "plead the time, the place, the substance of the false representations, the facts misrepresented, and the identification of what was obtained by the fraud."). Plaintiff's Complaint states only that he was told by Defendants that "they would reasonably investigate the claim, advise of the results of the investigation[,] and thereafter attempt to effectuate settlement of their bodily injury claims." [Compl. at ¶ 43.]  Plaintiff does not plead the time or place of the alleged false representations made by Defendant Lawhun or any other agent of the corporate defendants.  It follows that these claims shall be dismissed, as well.

Accordingly, **IT IS ORDERED**:

(1)  that Defendant Lawhun's Motion to Dismiss [Record No. 5] shall be, and the same hereby is, **GRANTED;**

(2)  that, as to Defendant Lawhun, Plaintiff's claims for breach of contract (Count I), violation of the Kentucky Unfair Claims Settlement Practice Act (Count II), and bad faith (Count III), and outrageous conduct (Count IV) are **DISMISSED WITH PREJUDICE** and Plaintiff's claims for fraud, deceit, and misrepresentation (Count V) and punitive damages (Count VI) are **DISMISSED WITHOUT PREJUDICE;** and

(3)  that, as to the remaining defendants, Plaintiff shall **SHOW CAUSE** on or before **June 6, 2008,** why his claims for bad faith (Count

III) and outrageous conduct (Count IV) should not be dismissed with prejudice and his claims for fraud, deceit, and misrepresentation (Count V) should not be dismissed without prejudice.

This the 20th day of May, 2008.



Signed By:

*__Joseph M. Hood__*

Senior U.S. District Judge